**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **DAVID E. BRAGG,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**BANK OF AMERICA, N.A., THE BANK OF NEW YORK MELLON fka THE BANK OF NEW YORK, as Trustee for Certificate Holders of CWABS, Inc., Asset-backed Certificates, Series 2006-3, and MORTGAGE ELECTRONIC REGISTRATION SYSTEM MERSCORP,**<br><br>**Defendants.** | **1:14-cv-564-WSD** |

**<u>OPINION AND ORDER</u>**

This matter is before the Court on the mandatory review of David E. Bragg's ("Plaintiff" or "Bragg") Complaint [3] for frivolity pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I. BACKGROUND

This is the fifth action that Plaintiff, proceeding *pro se* and *in forma pauperis*, has filed in this Court seeking to prevent foreclosure of Plaintiff's real property following his default on his loan obligations.[1]

On November 22, 2005, Plaintiff executed a promissory note (the "Note") in the amount of $418,410, in favor of Bayrock Mortgage Corporation ("Bayrock"). (Note [3.2 at 23-26] at 1). Plaintiff also executed a security deed (the "Security Deed") to real property located at 1920 Sloane Court, Conyers, Georgia (the "Property"). (Compl. at 26). Under the terms of the Security Deed, Plaintiff granted to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee

---

[1] See Bragg v. BAC Home Loans Serv., LP, No. 1:11-cv-2479 (dismissing Plaintiff's claims for equitable and injunctive relief under Fair Debt Collection Practices Act as frivolous and for failure to tender amount due); Bragg v. Bank of Am., N.A., No. 1:12-cv-744-WSD (same; also dismissing claim under Real Estate Settlement Procedures Act because qualified written requests underlying claim were sent less than 30 days before complaint filed); Bragg v. BayRock Mortg. Corp., No. 1:13-cv-904-WSD (dismissing complaint for lack of federal subject-matter jurisdiction; Plaintiff and defendants BayRock and Shuping were all Georgia citizens); Bragg v. Bank of Am., N.A., No. 1:13-cv-2902 (dismissing as frivolous Plaintiff's claims that that BANA and BONYM lack standing to foreclose because they failed to produce the original note and did not hold both note and security deed, that his mortgage was void because it was improperly securitized, and that foreclosure violated the Uniform Commercial Code; dismissing Plaintiff's FDCPA and RESPA claims because they were based on letters sent to Shuping, a non-party).

for Bayrock and Bayrock's successors and assigns, title to the Property, with the power of sale.[2]

On November 22, 2005, Bayrock assigned its interest in the Note to Countrywide Bank, N.A. ("Countrywide"). At some point, Countrywide assigned its interest in the Note to Countrywide Home Loans, Inc., which then endorsed the Note in blank. (Allonge to Note [3.2 at 27]).

On February 15, 2010, MERS, as nominee for Bayrock, executed an assignment (the "Assignment") of its rights under the Security Deed to "The Bank of New York Mellon FKS The Bank of New York as Trustee for the

---

2 The Security Deed was filed with the Clerk of the Superior Court of Rockdale County, Georgia. It is a matter of public record and the Court may consider it. See Fed. R. Evid. 201(b)(2) (court may take judicial notice of fact not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned); Mcfarland v. BAC Home Loans Serv., LP, No. 1:11-cv-4061-RWS, 2012 WL 2205566, at *1 n.2 (N.D. Ga. June 14, 2012) (taking judicial notice of public records including security deed filed in state superior court). Plaintiff does not dispute the authenticity of the Security Deed as recorded, and the Court notes that in another of his cases, Plaintiff submitted with his complaint a copy of the Security Deed, as evidence of the "mortgage loan" he entered into with Bayrock. See Bragg v. BayRock Mortg. Corp., No. 1:13-cv-904-WSD, Compl. (Doc. 3) at ¶ 51 & Ex. B (N.D. Ga. filed Mar. 21, 2013). The Court may consider the Security Deed for this additional reason. Cf. Billingsea v. Graphic Packaging Intern., Inc., No. 5:13-cv-16 (CAR), 2013 WL 2156473, at *2 (M.D. Ga. May 17, 2013) (where plaintiff failed to allege date he received notice of right to sue letter, taking judicial notice of plaintiff's complaint in previous action, which was based on same facts and asserted same claims against same defendant, where plaintiff clearly alleged in first action that he received his notice of right to sue letter more than two years before he filed second action).

Certificateholders [sic] of CWABS, Inc. Asset-Backed Certificates, Series 2006-3" ("BONYM"). (Assignment [3.2 at 29]; Compl. at 25).

At some point, Bank of America, N.A. ("BANA") became Plaintiff's loan servicer. (Compl. at 28, 31).

On December 17, 2013, Shuping, Morse & Ross, L.L.P. ("Shuping"), on behalf of BANA, sent Plaintiff a letter indicating that Plaintiff had defaulted on his loan obligations, that BANA was Plaintiff's loan servicer, that BONYM was Plaintiff's creditor, that the principal amount due on his loan was $408,625.28, and that foreclosure proceedings would be forthcoming. (Dec. 17, 2013, Letter [3.2 at 16]).

On February 26, 2014, Plaintiff, proceeding *pro se*, filed an application for leave to proceed *in forma pauperis* ("IFP"). On February 28, 2014, Magistrate Judge Gerrilyn G. Brill granted Plaintiff's IFP application and directed the Clerk of Court to submit Plaintiff's Complaint to the Court for frivolity determination [2].

Plaintiff asserts various claims against BANA, BONYM and MERS (collectively, "Defendants") based on perceived defects in the title recordation process and "fraudulent transfers" allegedly committed by Defendants. Plaintiff seeks: a declaration that "Defendant" lacks standing to foreclose on the Property including because the Note, Security Deed and Assignment are not valid (Count I);

preliminary and permanent injunctive relief (Count II); "cancellation of fraudulent documents in the Rockdale County Georgia Records, slander of title, trespass to try title" (Count III); and quiet title to the Property (Count IV). Plaintiff also asserts claims for violation of the duty of good faith and fair dealing, promissory estoppel, and conspiracy, for which he seeks actual, compensatory and punitive damages of not less than $1,500,000 (Count V), and an award of attorney's fees and costs (Count VI).[3]

## II. DISCUSSION

### A. Legal Standard

A court must dismiss a complaint filed *in forma pauperis* if at any time the court determines the action is frivolous or malicious or that it fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). "Failure to state a claim under [Section] 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under [Federal Rule of Civil Procedure] 12(b)(6)." Wilkerson v. H&S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)). Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a

[3] Plaintiff also seeks a declaration that Shuping is not entitled to foreclose on the Property and asserts a claim for wrongful foreclosure based on allegedly defective foreclosure notices sent to Plaintiff by Shuping. (Compl. at 31, 37). Shuping is not a party to this action and these claims are required to be dismissed.

claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

Review for frivolousness, on the other hand, "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" See Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (quoting Neitzke, 490 U.S. at 327).

Plaintiff filed his Complaint *pro se*. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks

omitted). Nevertheless, a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure. See Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 371 (11th Cir. 2005). "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief." Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007). "[A] district court does not have license to rewrite a deficient pleading." Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008).

B. Analysis

1. Standing to Foreclose on the Property

The crux of Plaintiff's Complaint is that Defendants lack standing to foreclose on the Property. It is undisputed that Plaintiff executed the Security Deed and granted to MERS, as nominee for Bayrock and Bayrock's successors and assigns, title to the Property, with the power of sale. On February 15, 2010, MERS assigned its rights under the Security Deed to BONYM. BONYM is thus entitled to exercise the power of sale in the Security Deed.[4]

---

[4] This is further supported by O.C.G.A. § 23-2-114, which provides that, "[u]nless the instrument creating the power specifically provides to the contrary, a . . . *successor of the grantee in a mortgage*, deed of trust, deed to secure debt, bill of sale to secure debt, or other like instrument, *or an assignee thereof*, or his personal representative, heir, heirs, legatee, devisee, *or successor may exercise any power therein contained*." O.C.G.A. § 23-2-114 (emphasis added). The Security Deed discloses no intent on the part of Plaintiff to restrict MERS from assigning its

To the extent Plaintiff argues that the Assignment is defective or fraudulent, Plaintiff is not a party to the Assignment and he therefore lacks standing to challenge its validity. See Montgomery v. Bank of Am., 740 S.E.2d 434, 436 (Ga. Ct. App. 2013) (because assignment of security deed was contractual, plaintiff lacked standing to contest its validity because he was not a party to the assignment) (citing O.C.G.A. § 9-2-20(a), which provides that an action based on a contract can be brought only by a party to the contract); Edward v. BAC Home Loans Serv., L.P., No. 12-15487, 2013 WL 4400102, at *2 (11th Cir. Aug. 16, 2013) (citing Montgomery).[5]

Plaintiff next argues that the Security Deed is not valid because it was "split" from the Note and that Defendants lack standing to foreclose because they are not the holder of the Note and Security Deed or the "secured creditor." Variations of these arguments have been repeatedly rejected under Georgia law. See, e.g.,

---

rights, including the power of sale, under the Security Deed. Rather, Plaintiff unequivocally granted to MERS, as nominee for Bayrock and Bayrock's successors or assigns, the right to foreclose and sell the Property in the event of Plaintiff's default.

[5] Even if he did have standing to challenge the Assignment, Plaintiff's argument that the Assignment is not valid because it was signed by a known "robo signer" has been repeatedly rejected under Georgia law. See, e.g., Wilson v. JP Morgan Chase Bank, N.A., No. 2:11-cv-00135-RWS, 2012 WL 603595, at *4 (N.D. Ga. Feb. 24, 2012) (no cause of action for "robo-signing" in Georgia) (citing Reynolds v. JPMorgan Chase Bank, N.A., No. 5:11-cv-311 (MTT), 2011 WL 5835925, at *3 (M.D. Ga. Nov. 21, 2011)).

You v. JP Morgan Chase Bank, 743 S.E.2d 428, 431-433 (Ga. 2013) ("splitting" ownership of a note from ownership of a deed not expressly prohibited under Georgia law; "the holder of a deed to secure debt is authorized to exercise the power of sale in accordance with the terms of the deed even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed."); Fabre v. Bank of Am., N.A., No. 12-15053, 2013 WL 3722118, at *3 (11th Cir. July 17, 2013) ("Actual possession of the note is not required for a secured creditor seeking non-judicial foreclosure.").

Plaintiff has not, and cannot, assert a viable claim under any legal theory based on Defendants' alleged lack of authority to foreclose on the Property. Insofar as Plaintiff's claims for declaratory and injunctive relief, cancellation of his mortgage, quiet title, violation of the duty of good faith and fair dealing, promissory estoppel and conspiracy, are based on perceived defects in the Assignment or Defendants' alleged lack of authority to foreclose on the Property, these claims are required to be dismissed.

2. Quiet Title

The purpose of Georgia's Quiet Title Act of 1966 is "to create a procedure for removing any cloud upon the title to land . . . and for readily and conclusively establishing that certain named persons are the owners of all the interests in land

. . . ." O.C.G.A. § 23-3-60. In an action for quiet title, "a plaintiff must assert that he holds some current record title or current prescriptive title, in order to maintain his suit." Smith v. Georgia Kaolin Co., Inc., 498 S.E.2d 266, 267-68 (Ga. 1998).

The Court has already found that Plaintiff cannot state a viable claim based on perceived defects in the Assignment or Defendants' alleged lack of standing to foreclose on the Property. Plaintiff further cannot state a claim for quiet title because any right to legal title to the Property he has is subordinate to BONYM's rights under the Security Deed. When Plaintiff executed the Security Deed, he granted to MERS, as nominee for Bayrock and Bayrock's successors and assigns, legal title to the Property until the debt secured by the Security Deed is paid in full. Plaintiff retained only the equitable right of redemption and the right of possession. See O.C.G.A. § 14-44-60 ("[T]he conveyance of real or personal property shall pass the title of the property to the grantee until the debt or debts which the conveyance was made to secure shall be fully paid . . . with the right reserved by the grantor to have the property reconveyed to him upon the payment of the debt. . . ."); see also McCarter v. Bankers Trust Co., 543 S.E.2d 755, 757 (Ga. Ct. App. 2000). Plaintiff does not allege that he satisfied his underlying loan obligations. Plaintiff therefore lacks current record title or current prescriptive title to the

Property, and his claim for quiet title is required to be dismissed.[6]

3. Violation of the Duty of Good Faith and Fair Dealing

"Although a duty of good faith and fair dealing is implied in every contract, this duty is contractual in nature and does not ordinarily give rise to tort liability." ServiceMaster Co., L.P. v. Martin, 252 Ga. Ct. App. 751, 756 (Ga. Ct. App. 2001). Plaintiff fails to allege any facts to support that Defendants owed Plaintiff a duty independent of those created by the Note and Security Deed. See id. ("While [a defendant] could be held liable in tort if, in addition to violating a contract obligation, it also violated a duty, independent of contract, to avoid harming him, [plaintiff] does not specify facts which would support a finding that [defendant] owed him any duty independent of those created by the written employment contract). The actions alleged by Plaintiff all arise from the duties created by

6 To the extent Plaintiff asserts a separate claim for slander of title "to have fraudulent documents cancelled of record," Plaintiff does not identify any specific false statement made by Defendants and he fails to plead any special damages he sustained. See O.C.G.A. § 51-9-11; Cornelius v. Bank of Am., N.A., No. 1:12-cv-0585-JEC, 2012 WL 4468746, at *4 (N.D. Ga. Sept. 27, 2012) (quoting Latson v. Boaz, 598 S.E.2d 485, 487 (Ga. 2004)) (To support an action for slander of title, a plaintiff must allege "the uttering and publishing of the slanderous words; that they were false; that they were malicious; that he sustained special damage thereby; and that he possessed an estate in the property slandered."); Jackman v. Hasty, No. 1:10-cv-2485-RWS, 2011 WL 854878, at *6 (N.D. Ga. Mar. 8, 2011) (dismissing a slander of title claim for failure to allege special damages). Plaintiff fails to state a claim for slander of title and this claim is required to be dismissed.

Plaintiff's loan. Plaintiff fails to allege facts sufficient to support a claim for violation of the duty of good faith and fair dealing and this claim is required to be dismissed.

4. Promissory Estoppel

Under Georgia law, a claim for promissory estoppel "requires a showing that (1) the defendant made certain promises, (2) the defendant should have expected that the plaintiffs would rely on such promises, and (3) the plaintiff did in fact rely on such promises to their detriment." Adkins v. Cagle Foods JV, LLC, 411 F.3d 1320, 1326 (11th Cir. 2005); see also O.C.G.A. § 13-3-44(a). Plaintiff asserts that "Defendants has [sic] made promises to Plaintiff that are unfulfilled and should be stopped from pursuing it's [sic] foreclosure. Plaintiff applied for a modification two times and was denied at the last moment." (Compl. at 46). Plaintiff fails to identify any promise made by Defendants or state how Plaintiff relied on this promise to his determent. Plaintiff's vague, conclusory allegations are wholly insufficient to support a claim for promissory estoppel and this claim is required to be dismissed.

5. Conspiracy

Under Georgia law, "[t]o recover damages for a civil conspiracy claim, a plaintiff must show that two or more persons, acting in concert, engaged in conduct

that constitutes a tort. Absent the underlying tort, there can be no liability for civil conspiracy." Jenkins v. Wachovia Bank, Nat'l Ass'n, 711 S.E.2d 80, 85 (Ga. Ct. App. 2011). Plaintiff fails to allege any facts to support his conclusory assertion that Defendants engaged in a "conspiracy to defraud the Plaintiff," and this claim is required to be dismissed.[7]

6. Injunctive Relief

A claim for preliminary injunctive relief requires a showing of "a substantial likelihood of success on the merits of the underlying case," Grizzle v. Kemp, 634 F.3d 1314, 1320 (11th Cir. 2011), while a permanent injunction requires actual success on the merits, United States v. Endotec, Inc., 563 F.3d 1187, 1194 (11th Cir. 2009). Because Plaintiff's claims have been dismissed as meritless, his claim for injunctive relief is required to be dismissed.

7. Attorney's Fees and Costs

Plaintiff, proceeding *pro se*, is not entitled to attorney's fees and costs because he is not a prevailing party and his claims have been dismissed. See Fed. R. Civ. P. 54; Amstead v. McFarland, 650 S.E.2d 737 (Ga. Ct. App. 2007) (attorney's fees not available where general damages not awarded); Demido v.

[7] To the extent Plaintiff asserts that the conspiracy was formed "[i]n connection with the application for and consummation of [his] mortgage loan," Plaintiff's original lender was Bayrock, who is not a party to this action.

Wilson, 582 S.E.2d 151, 155 (Ga. Ct. App. 2003) ("As a *pro se* litigant who is not an attorney, [the plaintiff] was not entitled to recover attorney fees.").

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that David E. Bragg's Complaint [3] is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**SO ORDERED** this 21st day of May, 2014.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE